UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

FRANKLI CAMILO CRUZ

     Plaintiff

v.

ENHANCED RECOVERY COMPANY LLC

     Defendant

_____/

## COMPLAINT

### JURISDICTION and PARTIES

1.     This is an action for actual and statutory damages pursuant to the Fair Dept Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72.

2.     This court has jurisdiction pursuant to 28 U.S.C. §1331 and 1337(a) and 15 U.S.C. §1692k(d).

3.     Venue in this district is proper pursuant to 28 U.S.C. §1391  because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4.     Plaintiff, FRANKLI CRUZ ("CRUZ") is a natural person residing at all relevant times in Broward County, Florida.

5.     Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6.     Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7.     Defendant ENHANCED RECOVERY COMPANY ("ERC") is a Florida Corporation with its principle place of business in Jacksonville FL.

8.      Defendant ERC is in the business of collecting debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts, including the collection of debts in Broward County, Florida. ERC holds itself out as a debt collector on its website, and is publicly and generally known as a debt collector, and solicits clients to utilize its services as a debt collector. ERC routinely collects debts for large companies and corporations, and sends "dun" letters, and places collection calls, on a regular and recurrent basis to consumers to collect debts on behalf of ERC's clients.

9.      Defendant ERC is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

10.     Defendant ERC is a debt collector and consumer collection agency, as defined in Fla. Stat. 559.55(6) and (7) or is otherwise obligated to comply with Fla. Stat. §559.72.

FACTS

11.     On or about November 21, 2012, Defendant sent to Plaintiff a letter, attached hereto as Exhibit A, seeking to collect a debt from the Plaintiff.

12.     The debt which Defendant sought to collect was incurred for personal, family or household purposes, and is a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55(1).

13.     Defendant thereafter, within the first three weeks of 2013, placed a telephone call to Plaintiff, and spoke to Plaintiff on the phone in an attempt to collect the subject debt.

14.     The debt which ERC sought to collect through its letter and phone call, was previously included in a September 2012 bankruptcy filed by the Plaintiff, Case No:

12-31877-JKO, in which case a complete discharge was entered. As is indicated in Exhibit B, ERC was specifically listed as a creditor on Schedule F of the bankruptcy schedules, and ERC's address directly appears on the schedules.

15.     Thus the debt which ERC sought to collect was totally and completely unenforceable having been included and discharged in the bankruptcy.

## COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. §1692e

16.     Plaintiff realleges and reavers paragraphs 1-15 as if fully set forth herein.

17.     The allegations herein constitute false and misleading representations in violation of:

a) 15 U.S.C. §1692e(2)(A) in that the allegations above all constitute a false representation of the character, amount and legal status of the debt, which was not enforceable and/or collectable due to the bankruptcy at the time the letter and/or phone call to the Plaintiff was made;

b) 15 U.S.C. §1692e(5) in that Exhibit A threatens action that cannot be taken through its threats of reporting to credit bureaus if the debt is not paid, even though the debt was included in the Plaintiff's bankruptcy.

c) 15 U.S.C. §1692e(8) in that Exhibit A threatens to communicate credit information which Defendant knows to be false, or which Defendant knows it could not communicate, given that the debt was included in the Plaintiff's bankruptcy and was unenforceable and/or discharged.

d) 15 U.S.C. §1692e(10) in that Exhibit A threatens to communicate credit information which Defendant knows to be false, or which Defendant knows it could not communicate, and misrepresents that the debt is valid and

enforceable even though it was not, given that the debt was included in the Plaintiff's bankruptcy and was unenforceable and/or discharged.

18.     As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

### COUNT II – VIOLATION OF THE FDCPA – 15 U.S.C. §1692f

19.     Plaintiff realleges and reavers paragraphs 1-15 as if fully set forth herein.

20.     By attempting to collect a debt which was included in and discharged in a bankruptcy, Defendant has collected or attempted to collect a debt which is not permitted by law, in prohibition of 15 U.S.C. §1692f(1).

21.     As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT III – VIOLATION OF THE FCCPA

22.     Plaintiff realleges and reavers paragraphs 1-15 as if fully set forth herein.

23.     Defendant has attempted or claimed to attempt a debt which is not legitimate and not enforceable by virtue of the bankruptcy discharge, in violation of Fla. Stat. 559.72(9).

24.     Defendant knowingly attempted to collect said debt, or otherwise knowingly or intentionally failed to take such actions which would have revealed the discharged status of the debt.

25.     Furthermore, bankruptcy filings are matters of public record, and the Defendant herein was specifically named on the schedules, at its correct address. Defendant ERC thus knew of the bankruptcy and the unenforceability of the debt, or otherwise intentionally or knowingly failed to take actions which would have revealed the bankruptcy filing, and thus the unenforceability of the debt.

26.     As a result of the violations herein, the Plaintiff has suffered damages, and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorneys fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

Respectfully Submitted by:

_____
Jason Weaver Esq.
FBN 0392596
Jason Weaver P.A.
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515/ (954) 964-3764 (fax)
jason@jasonweaverpa.com